PAGÁN ET AL., PLAINTIFFS AND APPELLEES, *v.* PAGÁN, DEFENDANT AND APPELLANT.

Appeal from the District Court of Aguadilla in an Action of Debt.—Motion for Dismissal.

No. 3192.—Decided December 21, 1923.

APPEAL—TRANSCRIPT OF RECORD—STENOGRAPHIC NOTES—STATEMENT OF CASE.— When an appellant elects to incorporate the evidence in the transcript of the record by means of the stenographer's notes, as authorized by Act No. 27 of 1917 and Act No. 81 of 1919, the failure of the stenographer to file his notes within the time allowed by the district court must be imputed to the appellant, who is bound thereby to the same consequences as if he failed to prepare a statement of the case in time.

ID.—ID.—ID.—ID.—REVIVAL OF RIGHT—FAILURE TO PROSECUTE.—The failure of an appellant to take any action before either court looking to the revival of the right of incorporation is a failure to prosecute and gives a right to dismissal.

ID.—ID.—ID.—ID.—ID.—DISCRETION OF COURT.—Whether or not section 140 of the Code of Civil Procedure may be invoked to revive an expired term and permit an appellant to proceed with the incorporation of his evidence in the lower court, in a proper case the Supreme Court may permit the incorporation of the evidence in the transcript of the record.

The facts are stated in the opinion.
*Mr. R. Padró Parés* for the appellant.
*Mr. A. García Ducós* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.
This was a judgment of the District Court of Aguadilla

from which an appeal was taken on the 7th of August, 1923. The appellant elected to incorporate the evidence by means of the stenographer's notes authorized by Act No. 27 of 1917, as amended by Act No. 81 of 1919. The stenographer of said district court accordingly was directed to prepare his notes and thereafter he obtained several extensions of time for their preparation, and on the fifth of November, 1923, the court granted him another extension for twenty days, expressly stating that it should be final. The time expired on November 25th, 1923. No other step was taken by the stenographer or the appellant to complete or file the transcript and the appellee has moved to dismiss the appeal.

Now while the members of this court have differed among themselves as to whether section 140 of the Code of Civil Procedure may be invoked to revive an expired term and permit an appellant in the court below to proceed with the incorporation of his evidence, we are all agreed on several propositions.

The first of these is that the failure of the stenographer to file his notes within the time allowed by the district court must be imputed to the appellant. This proposition was clearly enunciated in *Mercado et al v. Succession of Ferreiro*, 26 P. R. R. 433. We held that if the appellant elected to choose the stenographer as his agent instead of himself preparing a statement of the case or bill of exceptions, appellant was bound thereby to the same consequences as if he failed to prepare a statement of the case in time. Otherwise an appeal might be held pending indefinitely at the arbitrament of the stenographer.

Subsequently in *Vieira* v. *Reyes*, 28 P. R. R. 74, when our attention was drawn to the provision of Act No. 81, namely, that the delay of the stenographer should not cause a dismissal, we held that the failure of the stenographer to apply for a further extension was not a delay on the

part of the said stenographer, but a failure to prosecute on the part of the appellant. The case contains other reasoning.

The case of *Successors of Sanders, Philippi* v. *Rivera,* 28 P. R. R. 901, reaffirmed the two preceding cases and also held that the failure of the secretary to transmit a completed record must be likewise imputed to the appellant.

A second proposition on which the court agrees is that the failure of appellant to take any action before either court looking to the revival of the right of incorporation is a failure to prosecute and gives a right to dismissal. The appellant took no action in this case.

A third proposition is that whether section 140 may be invoked or not, this court, in an appropriate case, may permit the incorporation of the evidence.

The appeal must be dismissed.

*Appeal dismissed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.